Mario Pittoni, J.
Motion by defendant Ethical Culture Society of Long Island, Inc., to set aside and vacate service of a summons and complaint served upon its Spiritual Leader. The *1006 Spiritual Leader is not an officer of the society and is only an ex-officio member of the board of directors and of the standing committees, with no right to vote or act in any way to conduct the business affairs of or to manage the society. Therefore, the Spiritual Leader was not invested with any power to exercise judgment and discretion in operating the affairs of the society and thus qualify him as a managing agent of the corporation (Fischer v. Seamen’s Church Inst., 275 App. Div. 947 [2d Dept.]), or as a director, as that term is defined and used by the New York corporation laws. A director is a person “ duly chosen or designated to manage the affairs of a corporation.” (General Corporation Law, § 3, subd. 13.) Also, “ the business of a corporation shall be managed by its board of directors ” (General Corporation Law, § 27; Matter of Shupack, 1 A D 2d 841). Therefore, the Spiritual Leader was not a “ director”, pursuant to subdivision 8 of section 228 of the Civil Practice Act, who could receive service of the summons and complaint; and his unauthorized willingness to physically receive those documents from the process server did not overcome the requirements of the statutes in respect to service. The defendant society’s motion is granted.