**Denise Annette ROMAND, Plaintiff,**

v.

**Mark ZIMMERMAN, as Personnel Director of Saratoga Hospital; Saratoga Hospital; David Andersen, as Chief Executive Officer of Saratoga Hospital, Defendants.**

**No. 94–CV–118.**

United States District Court,
N.D. New York.

March 31, 1995.

Jack J. Sissman, Albany, NY, for plaintiff.

Kelley, Drye & Warren, New York City (Barbara Marden, of counsel), for defendants.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff alleges violations of the Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973 by defendants. She filed a timely complaint with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter on October 28, 1993. She filed this suit alleging the above claims on January 31, 1994 and filed for in forma pauperis status (IFP). Her IFP request was denied and plaintiff was directed to file the $120 filing fee within 45 days.

In an order dated June 23, 1994, the court dismissed plaintiff's action for failure to file the $120 fee within 45 days. Plaintiff now seeks reconsideration of the dismissal of her suit for failure to pay the filing fee. Also, defendants now move for dismissal of the suit pursuant to Fed.R.Civ.P. 12(b)(1) and (5) should the court reconsider the dismissal for failure to pay the filing fee.

### II. DISCUSSION

#### A. Motion for Reconsideration

■ A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice. *Larsen v. Ortega,* 816 F.Supp. 97, 114 (D.Conn.1992). It is in light of this standard that the court undertakes reconsideration of its June 23, 1994 order and the related June 28, 1994 judgment dismissing this action.

■ In this case, plaintiff filed a timely letter-motion for reconsideration through her newly acquired attorney on July 8, 1994. In this motion plaintiff's attorney noted that plaintiff actually had responded to the March 18, 1994 order directing her to file the $120 fee. An attached receipt shows that plaintiff paid the filing fee on April 28, 1994, within the 45–day limit provided in the order. Unfortunately, through some error, this payment was not entered by the Clerk of Court until September 29, 1994, thus leading to the June 23, 1994 order and subsequent judgment which dismissed plaintiff's case.

Due to the obvious error of law and injustice involved, the court now reconsiders its June 23, 1994 order and subsequent judgment of June 28, 1994 and vacates them. Plaintiff's case is hereby reopened. Despite this, the additional considerations below warrant dismissal of much of plaintiff's action.

## B. Motion for Dismissal

Defendants claim that the court lacks subject matter jurisdiction over defendants Andersen and Zimmerman pursuant to Fed.R.Civ.P. 12(b)(1) and lacks jurisdiction over all the defendants due to insufficiency of service of process pursuant to Fed.R.Civ.P. 12(b)(5). Upon a closer reading of defendants' papers it appears that the motion they bring pursuant to Rule 12(b)(1) to dismiss the claims against defendants Andersen and Zimmerman is more properly considered a dismissal motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and the court will treat it as such.

### 1. Service of Process—Dismissal Motion Pursuant to Rule 12(b)(5)

#### a.) Fed.R.Civ.P. 4(m)

Defendants assert that plaintiff did not serve them with the summons and complaint in this action until after the time limit for service had run. Fed.R.Civ.P. 4(m) states that service of the summons and complaint must be made upon the defendants within 120 days after the filing of the complaint. Local Rule 4.1(b) states that service of process should be completed within 60 days of the date the complaint is filed, but in no event after the 120–day limit of Fed.R.Civ.P. 4.

Fed.R.Civ.P. 4(m) allows a court, upon motion or on its own initiative after notice to the plaintiff, to dismiss an action without prejudice as to any defendant or direct that service be made within a certain time if the plaintiff can show good cause for the failure to serve within the 120–day period.

Plaintiff in this case served process on the three named defendants 143 days after the original presentation of her complaint to the court. Plaintiff attempts to show good cause for this failure to timely serve based on the fact that she did not receive summonses for service until after her application for in forma pauperis status, which she presented along with her complaint, was denied.[1] By

order dated March 18, 1994, plaintiff's application for in forma pauperis status was denied and she was ordered to pay the filing fee of $120 within 45 days. Plaintiff paid this fee on April 28, 1994 at which time she was issued summonses of service for the three defendants. Plaintiff claims that the clerk informed her at that time that she was to serve the defendants within 60 days. Plaintiff served process on the defendants on June 23, 1994, within the 60–day period stated by the clerk, but beyond 120 days from the original presentation of her complaint to the court.

■ Defendants argue that this misinformation by the clerk is not sufficient to embody "good cause" under Rule 4(m). It is clear that the 120–day filing requirement applies to pro se plaintiffs as well as those represented by counsel. *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990). However, the 1993 Amendments to the Notes of the Advisory Committee on Rules regarding Subdivision 4(m) clearly state that "the court shall allow additional time if there is good cause shown for the plaintiff's failure to effect service in the prescribed 120 days, and … the court [is authorized] to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." The Notes go on to say that "relief may be justified, for example, if the applicable statute of limitations would bar the refiled action" and that "the court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition."

■ A complaint is not properly filed until after a decision on whether to proceed in forma pauperis has been made. *See Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145, 149 (E.D.Pa.1981) (stating that a complaint tendered in forma pauperis cannot technically be "filed" until leave to proceed in forma pauperis has been granted); *Rosenberg v. Martin*, 478 F.2d 520, 522 n. 1a

---

1. Plaintiff filed her complaint on January 31, 1994 along with an application to proceed in forma pauperis. The clerk did not issue summonses at that time because a successful application for in forma pauperis status would entitle the plaintiff to service by the U.S. Marshal. *See* Local Rule 5.4.

(2d Cir.1973) (noting that filing was postponed until after a decision on in forma pauperis status was made). Under the Local Rules of the Northern District of New York, a determination of whether the applicant will be granted leave to proceed in forma pauperis must be made prior to service of process. *See* L.R. 5.4(a) (stating that a magistrate judge must determine whether to grant in forma pauperis status and whether the complaint will be served by the marshal).

A similar situation was presented in *Robinson v. America's Best Contacts & Eyeglasses,* 876 F.2d 596 (7th Cir.1989). There the plaintiff submitted his complaint and request for in forma pauperis status. After IFP status was denied, plaintiff sought and received a 90–day extension in which to pay the filing fee. He paid the fee within this extended time period and the clerk issued the summons upon receipt of the fee. The defendant argued that the case should be dismissed because it was not served within 120 days after the filing of the complaint.

■ The court found, however, that to hold that the 120–day service requirement began to run on the day the plaintiff originally presented his claim to the district court would be out of harmony with the Local Rule governing requests to proceed in forma pauperis and with the district court's extension of the time in which to pay the filing fee. *Id.* at 598. The court stated that "simple justice requires that summons need not be issued and service had until after the denial of in forma pauperis status and the fixing of a new time for the payment of filing fees." *Id.* The court finds this same logic applicable to the case at hand, especially in light of the Notes of the Advisory Committee and the Northern District's Local Rules. Where an application for in forma pauperis status delays the process of filing and service, it appears proper not to dismiss the action for failure to serve within 120 days of the original presentation of the complaint to the court. It is also to be noted that plaintiff did serve the defendants within 120 days of the filing of her complaint after IFP status was denied. Thus, the court denies defendants' motion to dismiss this suit pursuant to Fed. R.Civ.P. 4(m).

### b.) service on Saratoga Hospital

■ Defendants also claim that service upon Saratoga Hospital was improper pursuant to Fed.R.Civ.P. 4(h). On June 23, 1994, plaintiff served a copy of the complaint upon Robert DeSio, Chairperson of the Board of Trustees at Saratoga Hospital. However, the complaint was addressed to "Mark Zimmerman, Personnel Director, Saratoga Hospital." Plaintiff asserts that this service was correct because she considers Mr. DeSio to be an "officer" and a "director" of the hospital.

Rule 4(h) states that service may be made on a entity that is subject to suit under a common name "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ..." Fed. R.Civ.P. 4(h). Courts have held that directors of corporations are not officers or other agents of the corporation for purposes of Rule 4. 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1102 (1987); *Pacific Lanes, Inc. v. Bowling Proprietors Ass'n,* 248 F.Supp. 347, 349 (D.Or.1965). Thus, it follows that a party even further removed from the operations of a corporation, such as the chairperson of the board of trustees, likewise cannot be considered a proper individual by which to serve process on the corporation.

Rule 4(h) also allows service on such entities under the New York Civil Practice Law and Rules (CPLR). Fed.R.Civ.P. 4(h); Fed. R.Civ.P. 4(e)(1). Thus, plaintiff asserts that service upon Robert DeSio was proper pursuant to CPLR § 311(1). This section allows personal service upon a domestic or foreign corporation "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y.Civ.Prac.L. & R. § 311(1) (McKinney 1990).

New York courts tend to read § 311(1) with "a fair degree of flexibility", and "if service is made in a manner which, objectively viewed, is calculated to give the corpora-

tion fair notice, the service should be sustained." Vincent C. Alexander, N.Y.Civ. Prac.L. & R. § 311, Supplementary Practice Commentaries C311:1 (McKinney Supp. 1995). Nonetheless, nothing in the case law supports plaintiff's assertion that service of process on the chairperson of the board of trustees is sufficient to give notice to the hospital under New York law. Plaintiff has provided no authority, and the court can find none, that shows that the chairperson of the board of trustees of a corporate entity is meant to be included as a person to properly receive process under § 311(1). *See, e.g., Plainview Plumbing & Heating Co. v. Ethical Culture Soc'y of Long Island, Inc.,* 24 Misc.2d 1005, 205 N.Y.S.2d 419, 420 (Sup.Ct. Nassau County 1960) (holding that a "Spiritual Leader" was not an officer of the corporation, and as an ex-officio member of the board of directors who had no management duties and who played no role in the conduct of business affairs, was not a proper person to receive process); *Fashion Page Ltd. v. Zurich Ins. Co.,* 50 N.Y.2d 265, 406 N.E.2d 747, 750, 428 N.Y.S.2d 890, 893 (1980) (listing a variety of corporate personnel who may act as agents for receipt of process but not listing persons on the board of trustees or its directors or officers).

Plaintiff incorrectly refers to Mr. DeSio as "the president and chairman of the Board of Directors" and thus considers him to be both a "director" and an "officer" of the hospital. *Pltf. Memo. at 5.* However, as David Andersen, Chief Executive Officer of Saratoga Hospital and Nursing Home attests, Mr. DeSio is neither an agent nor an officer of the hospital, spends only four to five hours a month attending Board of Trustee and committee meetings, receives no compensation for his position, and has no individual authority to act on behalf of the hospital. *Andersen Aff. at ¶¶ 2–4.* In short, all evidence before the court points to the conclusion that Mr. DeSio is not a proper individual to receive service on behalf of Saratoga Hospital under either federal or state law. Thus, the court finds that Saratoga Hospital has not been properly served.

**2. Individuals as Defendants under the ADA—Dismissal Motion Pursuant to Rule 12(b)(6)**

Defendants also assert that plaintiff cannot bring valid claims under the ADA and Rehabilitation Act against the individual defendants she has named because these statutes do not provide for individual liability. On a dismissal motion for failure to state a claim the general rule is that the allegations in a plaintiff's complaint are deemed to be true and must be liberally construed in the light most favorable to the plaintiff. *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). A complaint should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff cannot in any way establish a set of facts to sustain her claim which would permit relief. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Bass v. Jackson,* 790 F.2d 260, 262 (2d Cir.1986). Nonetheless, it is the plaintiff who has the burden of showing that the court has jurisdiction over a claim at all stages of litigation. *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir.1993). Plaintiff here has not supported her burden of showing that the court may hear claims under the ADA and Rehabilitation Act brought against individuals while the defendants have shown that the court cannot.

Plaintiff simply states as a defense to defendants' motion to dismiss that agents of employers are subject to liability in their capacities as agents under both the ADA and Rehabilitation Act because both statutes refer to employers as "any agent of such person." While the statutes do use this language, this court has not interpreted it to create individual liability against such agents.

Under the analogous Title VII of the Civil Rights Act of 1964 it has been held that individual supervisory employees may be named in their official capacities as agents of the employer only as a means to recover from the employer for violations, not to hold them individually liable. *Saville v. Houston County Healthcare Auth.,* 852 F.Supp. 1512, 1522 (M.D.Ala.1994). Title VII defines "employers" as "persons[s] engaged in an indus-

try affecting commerce who [have] fifteen or more employees ..." 42 U.S.C. § 2000e(b). Many courts have held that individual supervisors may not be held liable under Title VII because the statutory definition of "employers" shows that Title VII was not meant to impose individual liability on employees. *See, e.g., Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 & n. 2 (9th Cir.1993); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991); *Saville*, 852 F.Supp. at 1522–25. This court has adopted this reasoning. *See Dean v. Pepsi–Cola Binghamton Bottlers*, 94–CV–49 (N.D.N.Y. Mar. 13, 1995) (granting dismissal of a Title VII claim against plaintiff's supervisors due to the lack of individual liability afforded under Title VII).

■ The ADA definition of "employers" mirrors that of Title VII. 42 U.S.C. § 12111(5) (1994). The definition of "employers" found in the ADA is also applicable to the Rehabilitation Act. 29 U.S.C. § 794(d) (1993 Supp.); *Haltek v. Village of Park Forest*, 864 F.Supp. 802, 803 (N.D.Ill.1994). Just as with Title VII, a number of courts have held that individuals may not be held liable under the ADA and Rehabilitation Act because the statutory definition of "employers" shows that these statutes were not meant to impose individual liability on employees. *See, e.g., Haltek*, 864 F.Supp. at 803–05 (holding that the ADA and Rehabilitation Act do not allow individual liability based on the acceptance of this rationale as applied to Title VII claims); *Pacourek v. Inland Steel Co.*, 858 F.Supp. 1393, 1405–06 (N.D.Ill.1994) (holding that the ADA does not allow for individual liability).

While it appears that few courts have addressed this issue in regard to the ADA and Rehabilitation Act, it would appear to be unsound policy to allow claims against persons in their individual capacities under these statutes while not allowing them under Title VII. Since the definition of "employers" is analogous in each of these acts, it follows that if this court finds that the naming of individuals in Title VII actions can only be used to underscore the principle that employers have respondeat superior liability for the discriminatory acts of their agent employees, no additional liability may be attached under the ADA and Rehabilitation Act. Thus, plaintiff's claims against defendants Andersen and Zimmerman, insofar as they are brought against them in their individual capacities, are dismissed pursuant to Fed. R.Civ.P. 12(b)(6). In doing so, the court finds it unnecessary to reach the issue of whether Andersen and Zimmerman may be sued individually although not named in plaintiff's EEOC complaint.

### 3. Representative Liability

■ Although the court has decided that defendants Zimmerman and Andersen may not be held individually liable on plaintiff's claims, they still may be named as defendants in a representative capacity to assert liability against Saratoga Hospital. *See Busby*, 931 F.2d at 772 (stating that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly"); *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir.1994) (adopting the rationale in *Busby* and holding that it should not be limited to the context of public employees); *Gardiner v. Dotson*, 1994 WL 520885 at *1 (N.D.Ala. Sept. 19, 1994) (holding that an ADA claim against an employer may be made by naming the employer directly or by naming supervisory employees as agents of the employer). It is not entirely clear in this case whether plaintiff has named the individual defendants in their individual or official capacities. The complaint does not use the terms "official capacity," "representative capacity," or "as agents of" to denote the manner in which Andersen and Zimmerman are named as defendants. However, weighing all ambiguities in favor of the plaintiff, the assertions in the body of her complaint could be construed as claims against these defendants in their official capacities. Furthermore, despite defendants' assertion to the contrary, the court cannot read *Millard v. Montclair State College*, 34 Fair Empl.Prac. Cas. (BNA) 1798, 1799, 1982 WL 31052 (D.N.J.1982) as embodying the principle that official capacity claims against defendants are dismissed along with the individual capacity claims when the defendant fails to name them in the EEOC complaint. In fact

other courts have held, and this court believes rightly so, that Title VII claims against persons in their representative capacities may survive even after the individual capacity claims against those persons have been dismissed for failure to name those defendants in the EEOC charge. *Rolin v. Escambia County Bd. of Educ.*, 752 F.Supp. 1020, 1024 (S.D.Ala.1990). The court believes that the same reasoning should be applied to the claims in this case due to the ADA and Rehabilitation Act's similarities to Title VII, as previously discussed.

In light of the lack of clarity in plaintiff's complaint, the court grants plaintiff 30 days in which to amend her complaint to state a claim against the supervisory employees in their capacities as agents of Saratoga Hospital should the plaintiff indeed be making such a claim. The court finds this appropriate in light of the principle that any ambiguities are to be resolved in favor of the plaintiff on a motion to dismiss. The court cautions, however, that this is not an opportunity to bring additional claims, but only an opportunity to restate a claim which may already exist.

## III. CONCLUSION

In summary, the court grants reconsideration of its previous order and judgment dismissing this case and vacates them. However, it finds that the claims must be dismissed against Saratoga Hospital as a named defendant due to the failure to serve a proper individual and finds that the claims against defendants Andersen and Zimmerman, insofar as they are brought against them in their individual capacities, must be dismissed pursuant to Rule 12(b)(6). Should plaintiff's claims against defendants Andersen and Zimmerman be brought against them in their official capacities as agents of Saratoga Hospital, the court grants plaintiff 30 days to file an amended complaint reflecting this.

**IT IS SO ORDERED.**