Earlston E. JONES, Plaintiff,

v.

INTER–COUNTY IMAGING CENTERS and Diane Demers, Defendants.

No. 94 CV 2902 (BDP).

United States District Court, S.D. New York.

June 16, 1995.

mally did not walk through the customer area.    *Id.* at 245.

Earlston S. Jones, Fresh Meadows, NY, pro se.

Linda R. Brower, Esq., Theodosia A. Tamborlane, P.C., Mountainside, NJ, for defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

This action for employment discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq. ("ADA"), and the New York Human Rights Law, Executive Law § 290 et. seq., is before this Court on the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

The Plaintiff, Earlston Jones ("Jones"), has been diagnosed with sickle cell disease. He alleges that his employer, the Defendants Inter–County Imaging Center ("ICIC") and Diane Demers ("Demers"), offered him a promotion from a part-time position to a full-time position as an ultrasound technician. While out of work on sick leave, however, he was notified that the full-time position had been filled and that his part-time position had been eliminated. Jones alleges that he was terminated because the Defendants wished to avoid additional medical insurance costs and believed that his sickle cell condition would adversely affect his attendance.

No discovery has occurred. The Defendants move to dismiss the complaint on the grounds that (1) ICIC is not a proper party because it did not employ Jones, (2) the entity employing Jones is not an "employer"

under the ADA, (3) Demers is not an "employer" under the ADA, (4) Demers was not named as a "discriminating party" in the administrative charge, and (5) this Court lacks subject matter jurisdiction over the state law claim.[1]

### 1. Legal Standard for Rule 12(b)(6) Motion

■ Because matters outside the pleadings have been presented to the court, the motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, shall be treated as one for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure.

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if:
the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
The Court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos,* 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).

■ The responding party "must set forth facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A summary judgment motion cannot be defeated through mere speculation or conjecture. See *Pollis v. New School for Social Research,* 829 F.Supp. 584, 586 (S.D.N.Y.1993) (citing *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990) (other citations omitted)). Rather, the responding party must show the existence of a disputed material fact in light of the substantive law. See *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See *McNeil,* 831 F.Supp. at 1082 (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam) (other citations omitted)). See also *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.,* 933 F.2d 162, 167 (2d Cir.1991) (citing *Knight v. U.S. Fire Ins.,* 804 F.2d 9 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987)) (other citations omitted).

■ Rule 56(f) of the Federal Rules of Civil Procedure provides that where a person opposing a motion for summary judgment is unable to present by affidavit facts essential to justify his opposition, the court should provide for discovery of the information from which such party will be able to formulate appropriate affidavits in opposition to the motion. See *Burlington Coat Factory Warehouse Corporation v. Esprit De Corp.,* 769 F.2d 919 (2d Cir.1985).

### 2. Failure to State a Claim against ICIC

■ The Defendants argue that Jones has improperly named ICIC as Defendant in this action. The Defendants assert that Jones was employed and paid by the limited partnership of North Bronx Services Group ("NBSG"). Pursuant to a management agreement, NBSG provides personnel and leases equipment and space to a radiology professional corporation, Yonkers Imaging, P.C. ("Yonkers Imaging"). ICIC allegedly is an assumed name for Yonkers Imaging.

The Defendants first argue that even if the complaint is amended to substitute NBSG as the proper party, it fails to state a claim under the ADA because NBSG did not employ the requisite number of employees and therefore was not an "employer" in May of

---

1. The *pro se* complaint also referred to Title VII of the Civil Rights Act of 1964 ("Title VII") and section 1981 of the Civil Rights Act of 1991 ("§ 1981"). Jones concedes, however, that these references were mistaken and does not oppose dismissal of the Title VII and § 1981 claims for failure to state a claim. Accordingly, the Defendants' motion to dismiss the Title VII and § 1981 claims is granted.

1993.[2] In response, without conceding that he was employed by NBSG, Jones argues that discovery is needed to verify the Defendants' assertions that it did not employ 25 or more employees. Jones asserts that such information is solely within the possession of the Defendants and the Defendants have failed to disclose the number of NBSG offices, the names of its employees or even where it is located.

Although the Defendants have submitted affidavits to the effect that NBSG did not employ enough people to bring it within the purview of the ADA, each affidavit is deficient in some respect. None tracks the language of the statute to state that NBSG did not employ 25 or more employees for each working day in each of 20 or more calendar weeks in 1992 and 1993. For example, in one affidavit, the Defendants state that on May 14, 1994, NBSG employed only 23 people and did not employ 25 or more employees "for each working day in each of the 20 calendar weeks prior to May 14, 1993." Diane Roughgarden affidavit, August 11, 1994, ¶ 3. The applicable period, however, is not the 20 weeks preceding the alleged discriminatory act, but any 20 weeks in 1992 or 1993. In another affidavit, the Defendants state that "NBSG did not employ more than 25 persons in any twenty-week period in 1992 or 1993." William Farrell affidavit, November 14, 1994, ¶ 4. The requisite number of employees, however, is not more than 25, but 25 or more.

The Defendants next argue that neither ICIC nor Yonkers Imaging qualify as an "employer" under the ADA because ICIC had no employees and operated at no other locations, and that Yonkers Imaging employed only 2 people, Drs. Enrique Bursztyn and Helen Higgins, during the requisite period. Moreover, the Defendants argue that Yonkers Imaging, ICIC and NBSG cannot be considered an "integrated enterprise" for the purposes of the ADA because neither Yonkers Imaging nor ICIC had any corporate affiliation with NBSG or its general partner, North Bronx Resources, Inc. William Farrell affidavit, November 14, 1994, ¶ 3 and Enrique Bursztyn affidavit, November 14, 1994.

Jones responds that he recalls the names of 23 employees at ICIC and that ICIC had two other centers in Brooklyn and New Jersey. He asserts that, notwithstanding that his paycheck was issued by NBSG, he was employed by ICIC.[3] In his affidavit, Jones states that he was interviewed and hired by Dr. Burstyn, Lynn Cardwell, ICIC's Center Manager, and Terry Crabtree, ICIC's Administrator. He states that during his employment Dr. Burstyn assigned him work, reviewed his performance and instructed him in his duties, and Lynn Cardwell and Diane Demers (who replaced Lynn Cardwell as Center Manager) supervised his work. Earlston Jones affidavit, October 19, 1994, ¶ 5. In addition, the letter advising him that his position had been abolished was written on ICIC letterhead, listed the names of Enrique Burstyn and Helen Higgins, and was signed by Diane Demers, Center Manager, for ICIC. It referred to no other entity but ICIC.

Jones argues that discovery is needed to determine the number of ICIC employees and whether NBSG and ICIC are so integrally related that they may be treated as a

---

**2.** The ADA defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, from July 26, 1992 through July 25, 1994, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year and any agent of such person." 29 C.F.R. § 1630.2(e)(1). Because Jones was terminated in May of 1993, the applicable period is January 1, 1992 through December 31, 1993 and the applicable number of employees is 25 or more.

**3.** In *Frankel v. Bally, Inc.*, 987 F.2d 86 (2d Cir. 1993), the Second Circuit held that one corporation could be held liable as an employer under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., even though the plaintiff's salary was paid by another. The Court held that the common law agency test, which focuses primarily on the hiring party's right to control the manner and means by which work is accomplished, governs the determination. Jones argues that the common law agency test should apply in the ADA context because the definition of "employer" is nearly identical. See 42 U.S.C. § 630(f) and 42 U.S.C. § 12111(4).

single employer for jurisdictional purposes.[4] He asserts that, because the Defendants have failed to offer any explanation of the relationship between NBSG and ICIC and such information is exclusively within the control of the Defendants, he should be afforded the opportunity to conduct discovery.

Because of the deficiencies in the Defendants' affidavits and because discovery of information exclusively within the Defendants' control is needed to establish the identity of Jones' employer, the number of its employees, and the relationship between ICIC, NBSG and Yonkers Imaging, the Defendants' motion for dismissal of the ADA and Human Rights Law claims is denied without prejudice and with leave to renew following discovery on these issues. Cf. *Burlington Coat Factory Warehouse Corp. v. Esprit De Corps,* 769 F.2d 919, 926 (2d Cir. 1985).

### 3. *Failure to State a Claim against Demers*

The Defendants assert that the ADA limits liability to "covered entities," such as employers. They argue that because Demers is not an "employer," Jones has failed to state a claim against her under the ADA and state law.

It is not entirely clear whether Jones has named Demers in her individual or official capacity. Jones concedes, however, that Demers is not liable under the ADA in her individual capacity, but maintains that the action against Demers in her representative capacity is proper under the ADA. Accordingly, the motion to dismiss the claims against Demers in her individual capacity is granted.

■ Although Demers may not be held individually liable on Jones' claims, she still may be named as. a defendant in her representative capacity.. The ADA definition of "employer" mirrors that of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12111(5) (1994), and thus, this Court looks for guidance to Title VII and cases interpreting that statute.[5] See *Carparts Distribution Center, Inc. v. Automotive Wholesaler's Association of New England, Inc.* 37 F.3d 12, 16 (1st Cir.1994).

■ Under the analogous Title VII, courts have held that an individual supervisory employee may be named in her official capacity as an agent of an "employer," if she "participated in the decision making process that forms the basis of the discrimination." *Bostick v. Rappleyea,* 629 F.Supp. 1328, 1334 (N.D.N.Y.1985) *aff'd sub nom. Bostick v. Cochrane,* 907 F.2d 144 (2d Cir.1990); see also *Romand v. Zimmerman,* 881 F.Supp. 806, 812–13 (N.D.N.Y.1995) (holding that under the ADA individual employees may be named as defendants in a representative capacity to assert liability against the employer); *Gardiner v. Dotson,* 1994 WL 520885, *1 (N.D.Ala. September 19, 1994) (holding that an ADA claim against an employer may be made by naming the employer directly or by naming supervisory employees as agents of

---

4. Jones directs the Court's attention to the four criteria used by the Supreme Court in cases arising under the National Labor Relations Act to determine when distinct entities may be considered a single, integrated employer. See *Radio Union v. Broadcast Service,* 380 U.S. 255, 256, 85 S.Ct. 876, 877, 13 L.Ed.2d 789 (1965) ("The controlling criteria set out and elaborated in Board decisions, are interrelation of operations, common management, centralized control of labor relations and common ownership."). These four criteria have also been applied to determine the nature of an employer in actions brought under Title VII, see *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389, 392 (8th Cir.1977); *Bridges v. Eastman Kodak Company,* 800 F.Supp. 1172, 1178 (S.D.N.Y.1992), and the Age Discrimination in Employment Act, *Rogers v. Sugar Tree Products, Inc.,* 7 F.3d 577, 582 (7th Cir.1994); *Marshall v. Arlene Knitwear, Inc.,* 454 F.Supp. 715,

719–20 (E.D.N.Y.1978), *aff'd in part and rev'd in part,* 608 F.2d 1369 (2d Cir.1979). At least one court has applied them to the ADA context, see *Doe v. Shapiro,* 852 F.Supp. 1246, 1249 (E.D.Pa. 1994).

5. The interpretive Guidance on Title I of the ADA, published by the Equal Employment Opportunity Commission ("EEOC"), establishes that the term "employer" is "to be given the same meaning under the ADA that [it is] given under Title VII." 56 Fed.Reg. 35,740 (1991) (to be codified at 29 C.F.R. § 1630, App.) (Interpretive Guidance on § 1630.2(a)–(f)). In addition, Title I of the ADA provides that the "powers, remedies and procedures" of Title VII shall apply to claims of discrimination under Title I of the ADA. 42 U.S.C. § 12117(a).

the employer). Here, Jones has alleged that Demers' supervised his work and signed the letter notifying him that his position had been abolished. Because Jones has raised a genuine issue of material fact as to Demers' participation in the decision making process that resulted in his termination, the Defendants' motion to dismiss the claims against her in her official capacity is denied.

The Defendants also argue that, because Jones failed to name Demers as a "discriminating party" in his complaint filed with the EEOC, the claims against her must be dismissed. Courts have held, however, that Title VII claims against persons in their representative capacities survive, even though the EEOC charges failed to name these defendants, because they had notice of the charges through their official roles. See, e.g., *Long v. State of Florida*, 805 F.2d 1542, 1547 (11th Cir.1986) *rev'd sub. nom on other grounds, Florida v. Long*, 487 U.S. 223, 108 S.Ct. 2354, 101 L.Ed.2d 206 (1988). In *Romand v. Zimmerman*, 881 F.Supp. 806, 812–13 (N.D.N.Y.1995), the Court held that the same reasoning applied to ADA claims. Accordingly, the Defendants' motion to dismiss the claims against Demers for failure to name her in the EEOC charge is denied.

In conclusion, the Defendants' motion to dismiss for failure to state a claim is denied. Because this Court has subject matter jurisdiction over the federal claims, it declines to dismiss the pendant state law claim for lack of subject matter jurisdiction. See *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

SO ORDERED.