Patricia HUCK, Plaintiff,

v.

**MEGA NURSING SERVICES, INC.,** Donna M. Lycan, Vera Guymon, Alan Lycan and Betty Winderl, **Defendants.**

No. 96–7233–CIV.

United States District Court,
S.D. Florida.

Dec. 11, 1997.

*Id.* Therefore, in such cases, what other states do may be of some significance, but not here.

Paul Crockett, Crockett & Chasen, Miami Beach, FL, for Plaintiff.

Fredrick Ford, Jupiter, FL, for Defendants.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court for review upon Defendants' Motion to Dismiss Individual Defendants and Incorporated Memorandum of Law, filed September 17, 1997. The Motion has been fully briefed and is ripe for review.

## I. FACTS

Plaintiff, Patricia Huck, who was an employee at Mega Nursing Services, Inc., alleges in her Complaint that she was terminated because she is HIV-positive. In the four-count Complaint, Plaintiff seeks damages against the corporate employer, Mega Nursing Services, Inc. (MEGA) and four of MEGA's individual officers and employees. Plaintiff alleges that Defendants violated The Americans with Disabilities Act (42 U.S.C. § 12111) (ADA), The Rehabilitation Act of 1973 (29 U.S.C. § 794), The Florida Omnibus AIDS Act (§ 760.50, Florida Statutes) and The Florida Civil Rights Act (§ 760–10, Florida Statutes).

## II. DISCUSSION

In the instant motion, the Court must determine whether individual officers, employees, supervisors and agents of an employer can be held personally liable for violations of the ADA, the Rehabilitation Act of 1973, The Florida Omnibus AIDS Act and the Florida Civil Rights Act. The question of whether an individual can be liable as an employer under the ADA has already been decided by the Eleventh Circuit. In *Mason v. Stallings*, 82 F.3d 1007 (11th Cir.1996), the Court held "that the Disabilities Act does not provide for individual liability, only for employer liability." *Id.* at 1009. Thus, Plaintiff's claim against the four MEGA employees in this case must be disposed of under the current Eleventh Circuit precedent.

The Eleventh Circuit relied on the interpretation of the Title VII cases to arrive at the conclusion that an individual is not liable as an employer. The ADA adopts in large part the Title VII case precedent. In fact, the ADA's definition of "employers" mirrors that of Title VII. Title VII defines the term "employer" as "a person engaged in an industry affecting commerce ... and any agent of such person." 42 U.S.C. § 2000e(b). Thus, since the language in Title VII was analogous to the ADA, the courts have used the Title VII cases as a guide for determining employee liability under the ADA. This same technique can be used when looking at other similar statutes such as the Rehabilitation Act, the Florida Civil Rights Act, and the Florida omnibus AIDS Act.

*Busby v. City of Orlando* is the seminal case discussing the issue of employee/employer liability under Title VII. 931 F.2d 764 (11th Cir.1991) In *Busby*, the Court held that "the relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Id.* at 772. *Busby* stands for the proposition that Title VII was created to provide employees with a cause of action against their employers. *Id.* In other words, Congress did not intend for Title VII to be used as a vehicle for suit amongst employees. The Eleventh Circuit also held in *Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1557–59 (11th Cir.1987) that agents are not liable as individuals under Title VII. Rather, agents' actions trigger claims against employers under Title VII. *Id.* Once again, the Eleventh Circuit addressed the issue of individual liability under Title VII in *Yeldell v. Cooper Green Hosp. Inc.*, 956 F.2d 1056,

1060 (11th Cir.1992). The Court held that Title VII actions "may be brought only against individuals in their official capacity and/or the employing entity." *Id.* In the instant case, the Court finds that the challenges to the ADA, the Rehabilitation Act of 1973, the Florida Omnibus AIDS Act and the Florida Civil Rights Act should be evaluated in light of the Title VII case precedent.

■ In Count II, Plaintiff brings a claim against the four MEGA employees under the Rehabilitation Act of 1973. Upon reviewing the case law in this area, it appears that the issue of employee/employer liability under the Rehabilitation Act of 1973 is a novel question for this Court. This Court recognizes that much of the language of The Rehabilitation Act of 1973 is analogous to the ADA. Furthermore, the case of *Romand v. Zimmerman* provides guidance for the Court. 881 F.Supp. 806, 811 (N.D.N.Y.1995).

The Plaintiff in *Romand* filed a complaint against individual employees alleging violations of the ADA and the Rehabilitation Act. Id. In both Acts, the definition of an employer includes "any agent of such person." *Id.* Therefore, the Plaintiff in *Romand* argued that the individual employees should be considered agents of the employer and thus, under the statute, should be held liable as "employers." *Id.* The Court disagreed with the Plaintiff, and held that individual employees cannot be sued under the ADA or the Rehabilitation Act. *Id.*

In the instant action, Plaintiff tries to distinguish her claim by alleging a violation of Section 504 of the Rehabilitation Act. In order to state a claim under Section 504, Plaintiff must first allege that she was an intended beneficiary of the federal funds. *Simpson v. Reynolds Metals Co.,* 629 F.2d 1226, 1231–32 (7th Cir.1980) Next, Plaintiff must allege that the Defendants were in a position to "accept or reject" the federal funds and that they used their position to discriminate against Plaintiff. *Id.* Plaintiff alleges, in her Complaint, that MEGA nursing receives federal funds and that three of the four defendants are in management positions. However, Plaintiff's allegations are not sufficient to meet the standard required for a claim under Section 504. Thus, Defendants' motion to dismiss the four individual Defendants shall be granted as to the Rehabilitation Act.

■ Next, Plaintiff asserts a claim under the Florida Civil Rights Act. The *Sanders v. Mayor's Jewelers* case addresses the issue of suits against individuals under the Florida Civil Rights Act. 942 F.Supp. 571, 573–74 (S.D.Fla.1996). The Court in *Sanders* noted that the definition of "employer" in Title VII is identical to the definition of "employer" in the Florida Civil Rights Act. *Id.* As a result, the Court followed the logic of the Title VII cases and held that individual suits are not permitted under the Florida Civil Rights Act. *Id.* This Court agrees with the Court's finding in *Sanders.* Therefore, Plaintiff's claim against the individual Defendants fails under the Florida Civil Rights Act.

■ Finally, Plaintiff asserts a claim under the Florida Omnibus AIDS Act Fla Stat. § 760.50. After thorough research, this Court has been unable to find any precedent that addresses the issue of employee liability under the Florida Omnibus AIDS Act. The Act states in relevant part that:

> No person may fail or refuse to hire or discharge any individual, segregate or classify any individual of employment opportunities or adversely affect his status as an employee, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment on the basis of knowledge or belief that the individual has taken a human immunodeficiency virus test or the result or perceived results of such test unless the absence of human immunodeficiency virus infection is a bona fide occupational qualification of the job in question. § 760.50(3)(b)(1995).

The Act does not define "person". Therefore, the Court must be guided by other analogous pieces of legislation. This Court finds that the spirit of the law is similar to that of Title VII, the ADA, the Florida Rehabilitation Act, and the Florida Civil Rights Act, in the area of employer/employee liability. In light of the language of the Florida Omnibus AIDS Act and upon reviewing the case law of similar statutes, this Court is convinced that the Florida Legislature did

not intend to provide a cause of action against individual employees. Rather, the Florida Omnibus AIDS Act creates a cause of action for employees who have been discriminated against by their employing entity.

Accordingly, having reviewed the motion and the record in this matter, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Individual Defendants, filed September 17, 1997 is **GRANTED**. Count I, Count II, Count III and Count IV of Plaintiff's Complaint shall be and the same are hereby **DISMISSED** as against the four individual Defendants.