Cheryl D. HERZOG, Plaintiff,

v.

MCLANE NORTHEAST, INC., and David Tallo, Defendants.

No. 97–CV–907 (FJS).

United States District Court, N.D. New York.

March 31, 1998.

Cheryl D. Herzog, Liverpool, NY, pro se.

Littler Mendelson, P.C., New York, NY, for Defendants; Scott J. Wenner, of counsel.

## MEMORANDUM DECISION & ORDER

SCULLIN, District Judge.

### Introduction

Plaintiff Cheryl Herzog filed her pro se complaint on June 27, 1997 alleging that she was discriminated by Defendants Tallo and McLane Northeast, Inc. in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12117 ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2005e–5 ("Title VII"). Presently before the Court are Defendants' motions to dismiss Plaintiff's Title VII claim for failure to exhaust her administrative remedies and to dismiss Defendant Tallo on the basis that individuals cannot be held liable under the ADA.

### Background

Plaintiff began working for Defendant McLane Northeast, Inc. on June 14, 1990. On April 30, 1992, Plaintiff alleges that she was diagnosed with work related carpal tunnel syndrome, which caused her to take a leave of absence from work. On November 9, 1992, Plaintiff's physician permitted Plaintiff to return to work, but she alleges that Defendant David Tallo, McLane's Human Resources Director, told her that no work was available and that she should apply for unemployment assistance. Plaintiff alleges that she unsuccessfully continued to seek work with Defendant until she was ultimately informed on June 2, 1993, that she was terminated.

On November 15, 1993, Plaintiff filed a charge of discrimination with the EEOC against Defendant McLane alleging discrimination in violation of the ADA. On April 23, 1997, the EEOC dismissed Plaintiff's case and issued Plaintiff a right to sue letter. Plaintiff filed this action on June 27, 1997.

1. In her Complaint, Plaintiff alleges that she was the victim of gender discrimination in violation of Title VII because carpal tunnel syndrome oc-

### Discussion

A court should dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] complaint which would entitle [her] to relief." *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Thus, for purposes of this motion, the Court will assume arguendo that the facts alleged by the Plaintiff in her complaint are true.

### (A) Notice of Title VII Claim

In its moving papers, Defendant McLane argues that Plaintiff's Title VII claim of gender discrimination should be dismissed because she failed to raise or make any reasonable reference to such a claim in her initial charge to the EEOC.[1] In her EEOC charge, Plaintiff failed to allege either gender discrimination or Title VII.

As an initial matter, because Plaintiff proceeds pro se, the Court will liberally construe Plaintiff's pleadings to raise the strongest arguments they suggest. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir.1995). Generally, in New York, filing a charge with the EEOC or the New York Division of Human Rights is an essential requirement to maintaining an action in federal court under the ADA or Title VII. *See Butts v. City of New York Dep't of Housing*, 990 F.2d 1397, 1401 (2d Cir.1993). Failing to exhaust these administrative remedies will generally bar any future judicial relief. *See id.* However, in certain instances, claims which are not mentioned in the original EEOC charge may not be barred if they are "reasonably related" to the initial charge. *See id.* Thus, because Plaintiff failed to raise her Title VII claim in her EEOC charge, this claim must be dismissed unless her Title VII claim is found to be "reasonably related" to her ADA claim.

The leading Second Circuit case articulating the "reasonably related" doctrine is *Butts*. In *Butts*, the Court explained that

curs disproportionately more often in women than in men. (Compl. at 9).

**276**

the reasonably related exception exists in three basic forms: (1) loose pleading; (2) retaliation for filing an EEOC charge; and (3) similar subsequent incidents of discrimination. *See* 990 F.2d at 1402–403. Under the facts of this case, exception (2) is not applicable because Plaintiff fails to allege any facts which provide any indication that her claims were based upon retaliation by Defendants for her filing an EEOC charge.[2] Likewise, exception (3) is inapplicable because Plaintiff fails to allege conduct by Defendants which occurred subsequent to the filing of her EEOC charge. Rather, Plaintiff's complaint alleges that her Title VII claim arose contemporaneously with her ADA claim and thus the third type of exception is inapplicable as well.

Thus, the critical question is whether Plaintiff's Title VII claim can invoke the "loose pleading" exception. The Second Circuit has articulated this test as to permit claims not raised in the charge if the conduct at issue would fall within the "scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination." *Butts*, 990 F.2d at 1402 (quoting *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n. 10 (2d Cir.1978)); *see also Peterson v. Insurance Co. of North America*, 1995 WL 217492, at *2 (S.D.N.Y.1995). Even if the Court liberally construes Plaintiff's allegations, the Court cannot find that Plaintiff's Title VII claim is reasonably related to her ADA claim. The purpose of requiring administrative exhaustion is to give the administrative agency the opportunity to investigate, mediate, and to take remedial action to encourage settlement. *See Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198 (2d Cir.1985). Plaintiff's original charge provided the EEOC with little if any indication that Plaintiff's assertion of discrimination related to gender discrimination. It is insufficient to argue that Plaintiff's gender alone was sufficient notice to provide for such a claim. Therefore, Plaintiff's Title VII claims are

dismissed based on her failure to exhaust administrative remedies.

**(B) Individual Liability**

Defendants also move to dismiss all claims based upon individual liability. Defendant argues that the ADA does not provide for individual liability because it only authorizes "employer" liability.

It is well settled that Title VII does not permit individual liability. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995); *McNight v. Dormitory Authority of State of New York*, 995 F.Supp. 70, 75 (N.D.N.Y.1998). While the Second Circuit has yet to address individual liability as it pertains to the ADA, most courts have held that the ADA also prohibits individual liability. *See Romand v. Zimmerman*, 881 F.Supp. 806 (N.D.N.Y.1995); *Lane v. Maryhaven Center of Hope*, 944 F.Supp. 158 (E.D.N.Y.1996); *Cerrato v. Durham*, 941 F.Supp. 388 (S.D.N.Y.1996); *Bodiford v. State of Alabama*, 854 F.Supp. 886, 892 (M.D.Ala.1994). Moreover, courts have consistently applied Title VII principles to ADA cases where appropriate. *Finley v. Giacobbe*, 827 F.Supp. 215, 219 n. 3 (S.D.N.Y. 1993). Thus, Plaintiff's ADA claim against David Tallo is dismissed.[3]

### Conclusion

Having considered the parties' submissions, the record, and the applicable law, it is hereby

ORDERED that Defendant's motion to dismiss Plaintiff's Title VII claim of gender discrimination is GRANTED; and it is further

ORDERED that Defendant's motion to dismiss Defendant David Tallo from all claims is GRANTED.

**IT IS SO ORDERED.**

---

**2.** While Plaintiff does allege in her complaint that the Defendants retaliated against her based upon her disability in violation of the ADA, this is clearly not applicable to this *Butts* exception.

**3.** Because the Court dismissed Plaintiff's Title VII claims as not reasonably related to his ADA

EEOC charge, there is no reason to reach this issue as it pertains to Defendant Tallo. However, if Plaintiff's Title VII claim did survive, it would also be dismissed against Defendant Tallo based upon the same analysis. *See Tomka*, 66 F.3d at 1313.