**Galyn A. VESEY, Plaintiff,**

v.

**Mary F. GROVER, Branch Director, and Dr. Shepard Goldberg, Executive Director, Child & Adolescent Psychiatric Clinic, Defendants.**

No. CIV–91–695S.

United States District Court,
W.D. New York.

Jan. 7, 1992.

Galyn A. Vesey, pro se.

James D. Dunathen, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., for defendants.

## DECISION AND ORDER

SKRETNY, District Judge.

### INTRODUCTION

Now before this Court is the motion of the defendants Mary F. Grover ("Grover")

and Dr. Shepard Goldberg ("Goldberg") (collectively "the defendants") to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). This Court also addresses the renewed motion of plaintiff Galyn A. Vesey ("plaintiff") for appointment of counsel.

On July 1, 1991 the plaintiff, proceeding *pro se*, filed the Complaint charging "Mary F. Grover, Branch Director and Dr. Shepard Goldberg, Executive Director Child & Adolescent Psychiatric Clinic" with race and age discrimination violative of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, respectively.

Moving to dismiss both of the plaintiff's claims, the defendants contend that this Court lacks subject matter jurisdiction over the plaintiff's ADEA claim because the plaintiff, before filing this lawsuit, failed to file an age discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC"), a prerequisite to commencing suit under that statute. The defendants next contend that this Court must dismiss the plaintiff's ADEA and Title VII claims because the plaintiff has not sued an "employer" as required and defined by those statutes.

The plaintiff also renews his request for appointment of counsel.

For the reasons set forth below, this Court grants the defendants' motion and denies the motion, in part, as follows: 1) this Court grants the defendants' motion to dismiss the plaintiff's ADEA claim; 2) this Court denies the defendants' motion to dismiss the plaintiff's Title VII claim and also affords the plaintiff leave to file an Amended Complaint. This Court also affords the defendants an opportunity to file a supplemental motion to dismiss the Complaint; and 3) this Court denies the plaintiff's renewed motion for appointment of counsel at this time, but affords the plaintiff an opportunity to again renew his motion at a later date.

**1.** On the record before it, this Court cannot ascertain the date which the plaintiff filed the

## FACTS AND ADMINISTRATIVE HISTORY

The plaintiff, a black male born May 25, 1937, alleges that he was hired as a social worker on July 10, 1989 and, before his six month employment probationary period expired, discharged on November 8, 1989, due to his race and age. Grover is the plaintiff's former supervisor. Goldberg, at all relevant times, is the Executive Director of the Child And Adolescent Psychiatric Clinic ("the Clinic").

Subsequently, the plaintiff filed a charge with the EEOC [1] alleging that his discharge amounted to discrimination based on his race in violation of Title VII. The plaintiff did not charge that he had been discriminated against based on his age in violation of the ADEA. On December 18, 1989, the EEOC noticed Goldberg, as Executive Director of the Clinic, that a Title VII charge had been filed against the Clinic.

On April 30, 1991, the EEOC issued its determination that the plaintiff's discharge stemmed from his job performance and that there existed no evidence that the "Child & Adolescent Psychiatric Center" committed a Title VII violation. The EEOC also noticed the plaintiff of his right to sue in federal court. On July 1, 1991, the plaintiff filed the Complaint in the Northern District of New York. On October 11, 1991, the Hon. Thomas J. McAvoy of the Northern District ordered the plaintiff's lawsuit transferred to this District.

## DISCUSSION

The defendants cannot prevail on their motion "... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Applying this standard, this Court must accept the allegations of the Complaint as true. *Square D Co. v. Niagara*

charge with the EEOC.

*Frontier Tariff Bureau,* 476 U.S. 409, 411, 106 S.Ct. 1922, 1924, 90 L.Ed.2d 413.(1986).

## A. *The Plaintiff's ADEA Claim*

■ 29 U.S.C. § 626(d) provides in relevant part that

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.

In this case, the plaintiff did not file a charge of age discrimination with the EEOC. Therefore, this Court must dismiss the plaintiff's ADEA claim.[2]

## B. *The Plaintiff's Title VII Claim*

The plaintiff's Complaint alleges, *inter alia,* that the defendants' conduct amounted to discrimination against him based on his race. The plaintiff's Complaint names as defendants "Mary F. Grover, Branch Director and Dr. Shepard Goldberg, Executive Director Child & Adolescent Psychiatric Clinic." The Complaint does not name the Clinic itself as a defendant.

The defendants argue that this Court must dismiss the plaintiff's Title VII claim against them because neither is an "employer" as required by 42 U.S.C. § 2000e–2(a), as that term is defined in 42 U.S.C. § 2000e(b).

For purposes of this case, pursuant to 42 U.S.C. § 2000e–2(a), Title VII only authorizes lawsuits against employers. 42 U.S.C. § 2000e(b)("§ 2000e(b)") defines employer, in relevant part, as

... a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person....

Although the statute does not define the term "agent," Courts have construed agent in the Title VII context " '... to encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of an individual's compensation, terms, conditions or privileges of employment.' " *Bostick v. Rappleyea,* 629 F.Supp. 1328, 1334 (N.D.N.Y.1985) (citations omitted). *See Sparks v. Pilot Freight Carriers, Inc.,* 830 F.2d 1554, 1557–58 (11th Cir.1987) (supervisory employee open to Title VII liability as an agent of employer); *Harvey v. Blake,* 913 F.2d 226 (5th Cir.1990) (same).

■ In this case, the defendants simply argue that they are not subject to Title VII liability because they cannot be considered an "employer" under § 2000e(b). The defendants, however, do not address the issue of whether they could be considered to be agents of the Clinic so as to expose them to Title VII liability. Although the plaintiff's Complaint does not specifically refer to Grover and Goldberg as agents of the Clinic, the Complaint does refer to at least Grover as his supervisor whom, according to the Complaint, "... acted with ... arbitrary discretion." [3]

This Court expresses no opinion as to whether Grover and Goldberg acted as

---

**2.** Pursuant to 29 U.S.C. § 626(d)(2), in order to pursue his ADEA claim in federal court the plaintiff was required to file his ADEA claim with the EEOC either within 300 days after the unlawful discriminatory action or, if earlier, within 30 days after the end of a state investigation of the discrimination. Pursuant to 29 U.S.C. § 633(b), where a State has a law prohibiting discrimination in employment based on age and authorizes a State authority to grant or seek relief from the discriminatory practice, no suit may be brought in federal court pursuant to 29 U.S.C. § 626 before a proper claim is filed with the applicable state authority. In this case, New York Executive Law § 296(1)(a) prohibits discrimination by an employer based on age. Executive Law § 297 provides that an individual aggrieved by an unlawful discriminatory practice, including discrimination based on age,

may file a claim with the New York Division of Human Rights.

Therefore, pursuant to 29 U.S.C. § 633(b), the plaintiff was required to file a claim of age discrimination with the New York Division of Human Rights before ultimately filing an ADEA claim in this Court. *See Miller v. International Telephone And Telegraph Corporation,* 755 F.2d 20, 23 (2d Cir.1985), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). Moreover, pursuant to 29 U.S.C. § 626(d)(2), the plaintiff was required to file his ADEA claim in this Court a maximum of 300 days following the alleged unlawful discrimination, which, according to the plaintiff, occurred on November 8, 1989.

**3.** Although the plaintiff's Complaint does not specifically allege that Grover and Goldberg act-

agents of the Clinic in connection with the plaintiff's discharge and the alleged discrimination. However, this Court cannot, on the record before it, hold that the plaintiff can prove no set of facts in support of his Title VII claims against Grover and Goldberg. Therefore, this Court denies the defendants' motion to dismiss the plaintiff's Title VII claims against them. However, because the defendants failed to address this issue in their motion, this Court grants the defendants leave to file with the Clerk of the Court an amended motion to dismiss which addresses the agency issue, should the defendants wish, within sixty (60) days of this Decision And Order.

■ Finally, although the plaintiff has failed to name the Clinic as party to this lawsuit, this Court concludes that, in the interest of fairness, the plaintiff should be allowed to amend his Title VII claim to properly allege race discrimination by the Clinic. This Court believes that this omission was a mere oversight by the plaintiff who, proceeding *pro se* and not familiar with the formalistic distinctions contained in Title VII, intends his Title VII claim to lie against the clinic. *See* Plaintiff's Response to the Defendants' Motion, p. 1. Indeed, the EEOC treated the plaintiff's Title VII charge as one made against the Clinic. *See* Corrected Affidavit Of James D. Donathen, exhs. A & B.

Therefore, this Court grants the plaintiff leave to file an Amended Complaint with the Clerk of the Court for this District within thirty (30) days of the date of this Decision and Order.[4]

### C. *The Plaintiff's Renewed Motion For Appointment Of Counsel*

By letter dated December 30, 1991 and addressed to the Clerk of the Court, the plaintiff has renewed his request for appointment of counsel. By Order filed with the Clerk of the Northern District July 1, 1991, Judge McAvoy denied the plaintiff's request for appointment of counsel with leave to renew the motion at a later date after the plaintiff could demonstrate his inability to obtain counsel in either the public or private sectors. At such later time, Judge McAvoy would evaluate the plaintiff's motion under the factors enunciated in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir.1986) and *Cooper v. Sargenti, Co. Inc.*, 877 F.2d 170 (2d Cir.1989).

■ In his renewed request, the plaintiff has satisfied this Court that he is unable to obtain counsel in either the public or private sectors.[5] However, this Court is aware that it should not grant applications for appointment of counsel "... indiscriminately." *Cooper*, 877 F.2d at 172. At this early stage in the litigation, before any genuinely substantive issues—as opposed to procedural ones—have emerged, this Court cannot evaluate whether the plaintiff's claims are likely to be of substance, and the complexity of issues and witnesses, if any, involved. Therefore, this Court denies the plaintiff's request for appointment of counsel but will entertain a renewed request at a later date.

### CONCLUSION

For the reasons set forth above, this Court dismisses the plaintiff's ADEA claims. This Court denies the defendants' motion to dismiss the plaintiff's Title VII claims. This Court further grants the plaintiff leave to file with the Clerk of the Court an Amended Complaint within thirty

---

ed as agents of the Clinic, the plaintiff should not be precluded from pursuing that theory for failing to so specify. Title VII's provisions should be construed liberally, *See Harvey*, 913 F.2d at 227, especially in this case where a *pro se* plaintiff may not have mastered the technicalities of the statute. *See Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991) (district courts must construe *pro se* Complaints liberally).

**4.** This Court notes that should the defendants choose to file an amended motion, they should wait at least thirty (30) days so as to address any points which the plaintiff's Amended Complaint, should he choose to file one, might raise.

**5.** This Court also notes that on June 28, 1991, Judge McAvoy granted the plaintiff's petition to proceed *in forma pauperis*.

(30) days of the date of this Decision And Order. This Court also grants the defendants leave to file with the Clerk of the Court a supplemental motion to dismiss, with respect to the plaintiff's Title VII claims. Finally, this Court denies the plaintiff's renewed request for appointment of counsel, with leave to renew the request at a later date.

## ORDER

IT HEREBY IS ORDERED, that this Court grants the defendants' motion to dismiss the Complaint in part and denies the motion in part as follows:

This Court dismisses the plaintiff's claims predicated on the Age Discrimination In Employment Act. This Court does not dismiss the plaintiff's claims predicated on Title VII of the Civil Rights Act of 1964.

FURTHER, that this Court grants the plaintiff leave to file with the Clerk of the Court an Amended Complaint within thirty (30) days of the date of this Decision And Order, in accordance with the discussion above.

FURTHER, that this Court grants the defendants leave to file with the Clerk of the Court a supplemental motion to dismiss the Complaint, within sixty (60) days of the date of this Decision And Order, in accordance with the discussion above.

FURTHER, that this Court denies the plaintiff's renewed request for appointment of counsel, with leave to renew the request at a later date.

FURTHER, that this Court shall hold a status conference in the above-captioned case on March 19, 1992, at 9:00 a.m. at Part IV, Mahoney Building, 65 Court Street, Buffalo, New York.

SO ORDERED.