**Irving RUDERMAN, Plaintiff,**

v.

**POLICE DEPARTMENT OF the CITY OF NEW YORK, Defendant.**

**No. 92 Civ. 9410 (SWK).**

United States District Court,
S.D. New York.

July 12, 1994.

Davis & Eisenberg by Herbert Eisenberg, New York City, for plaintiff.

Paul A. Crotty, Corp. Counsel of the City of N.Y. by Pedro Medina, Jr., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

On December 29, 1992, plaintiff Irving Ruderman ("Ruderman") brought this

employment discrimination action under the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), as amended (the "ADEA"), seeking equitable and other relief against defendant Police Department of the City of New York (the "NYPD"). The NYPD now moves to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.[1] For the reasons set forth below, the NYPD's motion is granted. However, Ruderman is granted leave to amend the Complaint within ten days of the date of this Opinion.

## BACKGROUND [2]

Ruderman is a New York resident born on June 9, 1947. In 1973 and 1976, he applied for a position as an NYPD police officer, but was denied employment due to city-wide hiring freezes. Subsequently, on June 8, 1990, when he was 42 years old, Ruderman took the competitive civil service examination for employment with the NYPD, the New York City Transit Police Department and the New York City Housing Police Department. He passed the test, receiving a score of 95, and was placed 1508 on the NYPD's eligibility list of applicants for the position of police officer.

In October 1990, at a character investigation interview conducted at Police Department Headquarters, Ruderman was informed that he could not become a police officer because of his age. The NYPD based its decision not to hire Ruderman on New York Civil Service Law section 58(1), which established a maximum hiring age of twenty-nine years for NYPD police officers. As a result, on December 21, 1990, Ruderman filed charges against the NYPD with the New York State Division of Human Rights (the "SDHR").

Subsequently, on December 29, 1992, Ruderman commenced this action for employment discrimination pursuant to section 7(b)

of the ADEA.[3] Specifically, Ruderman alleges that the NYPD discriminated against him in October 1990 by refusing to hire him because he was more than 29 years old. Ruderman alleges further that "I believe that the defendant is still committing these acts against me." *See* the Complaint at ¶ 11.

The NYPD now moves for an order dismissing the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, the NYPD contends that, while the ADEA prohibits discrimination based on age, the NYPD was exempt from complying with the ADEA for the period from January 1, 1987 until December 31, 1993. In addition, the NYPD contends that it was required, pursuant to New York Civil Service Law section 58(1), to disqualify Ruderman from a position as a police officer in October 1990, as Ruderman was older than the maximum hiring age at that time. In response, Ruderman contends that the ADEA exemption regarding the hiring of public safety officers has expired, and that the City of New York continues to discriminate against him. Plaintiff also seeks to amend his complaint to add certain defendants and additional instances of discrimination.

## DISCUSSION

When passing on a motion to dismiss the complaint, the Court must accept the allegations of the complaint as true and construe them in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed for failure to state a claim "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

---

1. The NYPD also moves to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). As this case was brought under the ADEA, however, the Court has subject matter jurisdiction pursuant to 29 U.S.C. section 626, as well as 28 U.S.C. sections 1331 and 1343.

2. In a motion to dismiss, the allegations of the Complaint shall be accepted as true. *See La-Bounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991).

3. Although he filed the Complaint *pro se,* Ruderman is now represented by counsel.

## I. The 1990 Age Discrimination Claim

██ Prior to October 28, 1990, the date that Ruderman, then 43, claims he was discriminated against, New York Civil Service Law section 58(1) provided:

[N]o person shall be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer ... unless ... (a) he is not less than twenty nor more than twenty-nine years of age as of the effective establishment date of the eligible list.

At that time, the ADEA, 29 U.S.C. section 623, also provided:

It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to ... privileges of employment, because of such individual's age.

29 U.S.C. § 623(a). The ADEA applied to individuals who were at least forty years old. *See* 29 U.S.C. § 631.

As section 58(1) disqualified police officer candidates who were more than 29 years old and the ADEA prohibited discrimination against individuals who were more than forty years old, the courts were faced with a conflict between these two provisions. *See Petrelli v. City of Mount Vernon,* 9 F.3d 250, 252 (2d Cir.1993). The Second Circuit resolved this conflict by holding that the NYPD, pursuant to section 58(1), could only disqualify candidates based on age if they were less than forty years old, and that the ADEA protected candidates who were more than forty years old. *See Petrelli v. City of Mount Vernon,* 9 F.3d at 253; *Doyle v. Suffolk County,* 786 F.2d 523, 528 (2d Cir. 1986), *cert. denied,* 479 U.S. 825, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986).

This situation changed significantly, however, when Congress promulgated 29 U.S.C. section 623(j), which established an exemption for public officers. Section 623(j) provided:

It shall not be unlawful for an employer which is a State, a political subdivision of a State, an agency or instrumentality of a State or a political subdivision of a State, or an interstate agency to fail or refuse to hire or to discharge any individual because of such individual's age if such action is taken—

(1) with respect to the employment of an individual as a firefighter or as a law enforcement officer and the individual has attained the age of hiring or retirement in effect under applicable State or local law on March 3, 1983.

29 U.S.C. § 623(j). Thus, section 623(j), which applied to government employers from January 1, 1987 to December 31, 1993, permitted agencies such as the NYPD to disqualify police officer candidates based on age if local laws set a maximum hiring age, and if such laws were in effect on March 3, 1983. *See Petrelli v. City of Mount Vernon,* 9 F.3d at 253. As New York Civil Service Law section 58(1), establishing a maximum hiring age for New York police officers, was in effect on March 3, 1983, section 623(j) permitted the NYPD to disqualify police officer candidates based on age from 1987 until 1993.

Although section 623(j) was repealed, effective December 31, 1993, the section was in effect on October 28, 1990, the day Ruderman alleges the discriminatory act occurred. Consequently, the NYPD was permitted to disqualify Ruderman based on his age. Accordingly, Ruderman's October 1990 claim for age discrimination must be dismissed because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 102.[4]

## II. The Continuing Discrimination Claim

██ Ruderman contends that, even if his 1990 claim cannot survive, dismissal is not warranted as his Complaint alleges that the NYPD is continuing to commit acts of dis-

---

4. While Ruderman now contends that he was discriminated against based on the 1992 and 1993 civil service examinations, these claims cannot withstand a motion to dismiss, as they were not alleged in the Complaint. In any event, all claims of age discrimination based on the 1992 and 1993 civil service examinations would be barred by section 623(j).

crimination against him. Specifically, the Complaint alleges that "I believe the defendant(s) is/are still committing these acts against me."[5] Complaint at ¶ 11. The Court finds, however, that such a conclusory allegation cannot survive a motion to dismiss.

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). Similarly, Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R.Civ.P. 8(e).

■ Although averments of a pleading must be simple and concise, mere conclusory allegations "fail to give notice of the basic events and circumstances of which the plaintiff complains. Such allegations are meaningless as a practical matter and, as a matter of law, insufficient to state a claim." *Duncan v. AT & T Communications, Inc.*, 668 F.Supp. 232, 234 (S.D.N.Y.1987). Similarly, "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).

In the present case, Ruderman's mere conclusory allegation that he believes that the NYPD is still discriminating against him does not suffice to maintain a cause of action. As it relies on bald accusations and states no facts in support of a claim of continuing discrimination, Ruderman's allegation of continuing discrimination must be dismissed for vagueness.

### III. Compliance with ADEA §§ 626(d) and 633(b)

While the defendant has failed to allege noncompliance with 29 U.S.C. sections 626(d) and 633(b) as grounds for dismissal of the Complaint, the Court notes that Ruderman apparently has failed to comply with these sections of the ADEA.

In order to bring a suit under the ADEA, a plaintiff must first comply with 29 U.S.C. section 633(b), which provides:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 7 of this Act [29 U.S.C. § 626] before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated.

Section 626(d) provides further that a plaintiff must file age discrimination charges with the Equal Employment Opportunity Commission ("EEOC"), either within 300 days of the discriminatory act or within 30 days after the state investigation ends, whichever occurs first. 29 U.S.C. § 626(d)(2). A civil action may be commenced sixty days after the EEOC charges have been filed. *Id.; see also Husch v. Szabo Food Serv. Co.*, 851 F.2d 999, 1002 (7th Cir.1988) ("Under 29 U.S.C. § 626(d) all ADEA claimants must file a complaint with the EEOC and then wait sixty days from the filing date before bringing an action in federal court.").

■ In the present case, while Ruderman filed charges with the New York State Division of Human Rights in compliance with section 633(b), he has failed to provide the Court with any information concerning either the disposition of his charges before the SDHR or whether he has filed any charges with the EEOC. Without such information,

---

**5.** In opposition to the motion to dismiss, Ruderman alleges that the NYPD is continuing to hire applicants from among those who passed the 1990 competitive civil service examination, *see* Ruderman Aff. at ¶ 6, and that the New York City Transit Police has begun to hire those individuals who passed the 1992 examination. *Id.* at ¶ 8. Ruderman contends further that the examination requirements for the competitive civil service exam scheduled for April 23, 1994 included a maximum age requirement of 35 for police officer candidates. *Id.* at ¶ 9. As these contentions were not alleged in the Complaint, however, the Court shall not consider such additional factual material in opposition to this Rule 12(b)(6) motion. *See Sanders v. City of New York*, 692 F.Supp. 308, 313 (S.D.N.Y.1988) (rejecting plaintiff's attempt to amend the Complaint by affidavit on a motion to dismiss).

this Court cannot discern whether Ruderman has met the requirements of section 626(d). *See Miller v. International Tel. and Tel. Corp.*, 755 F.2d 20, 23 (2d Cir.1985) ("No action based on a claim of age discrimination may be brought in federal court unless the claim was properly raised with the EEOC."), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *Vesey v. Grover*, 780 F.Supp. 991, 993 (W.D.N.Y.1992) (dismissing ADEA claim where plaintiff did not file a charge of age discrimination with the EEOC).

## IV. Motion to Amend the Complaint

Federal Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).

 Courts liberally grant motions to amend the complaint. *See Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*, 778 F.Supp. 695, 701 (S.D.N.Y.1991); *Guinness Mahon Cayman Trust, Ltd. v. Windels, Marx, Davies & Ives*, 684 F.Supp. 375, 381 (S.D.N.Y.1988). This is especially true in cases involving *pro se* plaintiffs, who are "'fairly freely'" granted an opportunity to amend the complaint. *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984) (quoting *Bradley v. Coughlin*, 671 F.2d 686, 690 (2d Cir.1982)); *see also Mathis v. Clerk of First Dep't, Appellate Div.*, 631 F.Supp. 232, 235 (S.D.N.Y.1986); *Virgo v. Local Union 580*, 107 F.R.D. 84, 87 (S.D.N.Y.1985). Factors weighing against the granting of a motion to amend include undue delay, bad faith, dilatory motives, or undue prejudice to the opposing party. *Guinness Mahon Cayman Trust, Ltd. v. Windels, Marx, Davies & Ives*, 684 F.Supp. at 381.

As Ruderman filed his complaint as a *pro se* plaintiff, and as there appears to be no indication of undue delay, bad faith, dilatory motives, or undue prejudice, Ruderman's request for leave to amend his complaint is granted.

## CONCLUSION

For the reasons set forth above, the NYPD's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), is granted. Ruderman is granted leave to amend his Complaint within ten days of the date of this Opinion. Discovery shall be completed by Monday, October 24, 1994. The parties shall appear before this Court for a pretrial conference on Wednesday, October 26, 1994, at 10:30 a.m.

SO ORDERED.