Harold LEYKIS, Hugh Delano, Bernard Bard, Carole Lee, and Arthur Pomerantz, on behalf of all persons similarly situation, Plaintiffs,

v.

NYP HOLDINGS, INC., and Rupert Murdoch, Defendants.

No. 94–CV–4269 (SJ).

United States District Court,
E.D. New York.

Aug. 2, 1995.

Leonard N. Flamm, Law Offices of Leonard N. Flamm, New York City, for Plaintiffs.

Clifford Thau, Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin, New York City, for Defendants.

## ORDER

Johnson, District Judge:

After reviewing the record, this Court hereby affirms and adopts the Report and Recommendation issued by Magistrate Judge Azrack on June 29, 1995 in the above-referenced matter, and it is hereby

ORDERED that Defendant Rupert Murdoch's motion to dismiss the complaint against him in his individual capacity under the Age Discrimination in Employment Act (ADEA) is hereby GRANTED;

ORDERED that Defendant Rupert Murdoch's motion to dismiss the complaint against him in his individual capacity under the New York State Human Rights Law is hereby GRANTED;

ORDERED that Plaintiffs' request for leave to file an amended complaint alleging representative liability under the ADEA and individual liability under the New York State Human Rights Law is hereby GRANTED and Plaintiffs shall have 30 days in which to file such amended complaint.

SO ORDERED.

## REPORT AND RECOMMENDATION

AZRACK, United States Magistrate Judge:

By Order dated January 6, 1995 the Honorable Sterling Johnson referred the above referenced action to the undersigned to report and recommend on defendant Rupert Murdoch's motion to dismiss this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). For the reasons stated herein, it is respectfully recommended that defendant's motion to dismiss the New York State Human Rights Law claim be granted, but that plaintiffs should be granted leave to replead this claim; that defendant's motion to dismiss the Age Discrimination Employment Act claims against him in his individual capacity be granted but that plaintiffs be granted 30 days in which to file an amended complaint alleging representative liability; and that nothing in this Report and Recommendation should foreclose plaintiffs from later seeking to amend the complaint to properly allege alter ego liability against defendant Murdoch.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs brought this class action against New York Post Holding, Inc. (hereinafter "NYPH"), The New York Post Company, and Rupert Murdoch alleging violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (hereinafter "ADEA" or the "Act") and the New York State Human Rights Law § 297(9) (hereinafter "HRL"). Jurisdiction of the federal claim is premised upon diversity of citizenship, 28 U.S.C. § 1331, and the state claim is based upon the principles of pendent jurisdiction. (Complaint, pp. 1–2). Plaintiffs seek back pay, forward pay, liquidated damages, and declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiffs also seek injunctive relief requiring defendants to reinstate plaintiffs in their positions. Consent to join plaintiffs in this action was filed by 56 individuals, pursuant to 29 U.S.C. § 216(B). (Consent to Join, Sept. 9, 1994).

The complaint in this action alleges that plaintiffs were discriminated against in viola-

tion of the ADEA and the HRL by their former employer, the corporate entity and individual defendant Rupert Murdoch which owned and operated the "New York Post" newspaper. Plaintiffs, who are all over forty years of age claim that on or after October 4, 1993 when defendants NYPH and Murdoch acquired the ownership and/or control of the "New York Post," the defendants intentionally designed and implemented a reorganization program whereby the employment of all persons working for the New York Post was terminated, and a disproportionately large number of those employees who were age 40 and over were not rehired. Specifically, the class of plaintiffs were not rehired by the "New York Post" while a number of former employees were rehired.

Plaintiffs further assert that, on or about April 14, 1994, two named plaintiffs, Messrs. Leykis and Delano, filed a written charge of age discrimination with the Equal Opportunity Employment Commission (hereinafter "EEOC") pursuant to 29 U.S.C. § 626, asserting that defendants' policies and practices constituted willful age discrimination.[1]

Subsequently, the parties agreed to dismiss this action against the New York Post Company, such that the remaining defendants are New York Post Holdings, Inc. and Rupert Murdoch. (Stip. of Dismissal, Jan. 12, 1995). Defendant Rupert Murdoch now moves to dismiss the complaint for failure to state a claim upon which relief may be granted. (Motion to Dismiss, Jan. 14, 1994). Defendant argues that as an individual he is not an "employer" within the ADEA or HRL, and alternatively, that plaintiffs have failed to allege that he had any direct involvement in plaintiffs' employment. (Def.'s Mem. of Law, p. 1). In response, plaintiffs oppose the motion to dismiss, and in the alternative request leave to amend the complaint to remedy any pleading deficiencies.

## II. DEFENDANT'S MOTION TO DISMISS

█ The court should not dismiss a complaint for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In deciding a motion to dismiss, the Court must limit its analysis to the four corners of the complaint, *see Kopec v. Coughlin,* 922 F.2d 152, 154–155 (2d Cir.1991), and must accept all of plaintiffs' well-pleaded factual allegations to be true. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986); *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

### A. Defendant's Motion to Dismiss the ADEA Claims

█ Individual defendant Murdoch presently moves to dismiss the complaint against him because, he argues, he cannot be held liable under the ADEA for the allegedly discriminatory employment decisions because he is not an "employer" under the Act. For purposes of the ADEA, an "employer" is "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.... [or] an agent of such a person ..." 29 U.S.C. § 630(b). A "person" means, *inter alia,* an individual, partnership, association, or corporation. 29 U.S.C. § 630(a).

█ Few cases have discussed the precise scope of the ADEA definition of "employer," however, since the Fair Labor Standards Act of 1989, 29 U.S.C. § 203(a), (d), (e), (i) (1992), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (a), (b), (f) (1982) and the ADEA carry nearly identical provisions for "employer" and "employee" and, since all three statutes have a similar anti-discriminatory purpose, cases construing the definitional provisions of one are persuasive authority when interpreting the others. *See, e.g., Hyland v. New Haven Radiology Assoc., P.C.,* 794 F.2d 793, 796 (2d Cir.1986).

---

1. Defendants, however, claim that named plaintiffs, Leykis, Bard, Lee and Pomerantz did not file charges with the EEOC. (Answer, 5–6). The issue of exhaustion of administrative remedies is, however, not at issue on the present motion.

The scope of individual liability under the ADEA and its sister statutes has not been addressed by the Supreme Court or the Second Circuit. The courts of this circuit are divided on the scope of such liability and whether a supervisor, officer, owner or like person may be liable as an "employer" under the ADEA. *Compare Schaffer v. Ames Dept. Stores, Inc.,* 889 F.Supp. 41 (D.Conn. 1995) (no individual liability); *Coraggio v. Time Inc. Magazine Co.,* 94 Civ. 5429, 1995 WL 242047, *8 (S.D.N.Y. Apr. 26, 1995) (same); *Ryan v. Grae & Rybicki, P.C.,* No. 94 Civ. 3731, 1995 WL 170095 (E.D.N.Y. Mar. 31, 1995) (same); *Romand v. Zimmerman,* 881 F.Supp. 806 (N.D.N.Y.1995) (same); *Reilly v. Metro–North Commuter Railroad Co.,* No. 93 Civ. 7317, 1994 WL 202720 (S.D.N.Y. May 20, 1994) (same); *Bradley v. Consolidated Edison Co.,* 657 F.Supp. 197 (S.D.N.Y.1987) *with Donato v. Rockefeller Financial Services,* No. 93 Civ. 4663, 1994 WL 695690 (S.D.N.Y. Dec. 12, 1994) (individual liability allowed); *Dirschel v. Speck,* No. 94 Civ. 0502, 1994 WL 330262 (S.D.N.Y. July 8, 1994); *Linville v. O & K Trojan, Inc.,* No. 91 Civ. 284S, 1994 WL 117363 (W.D.N.Y. Mar. 31, 1994); *Elias v. Sitomer,* No. 91 Civ. 8010, 1992 WL 370419 (S.D.N.Y. Dec. 7, 1992); *Bridges v. Eastman Kodak Co.,* 800 F.Supp. 1172 (S.D.N.Y.1992); *Vesey v. Grover,* 780 F.Supp. 991 (W.D.N.Y. 1992); *Cheng v. Tams Consultants, Inc.,* No. 90 Civ. 5832, 1991 WL 79198 (S.D.N.Y. May 2, 1991); *Wanamaker v. Columbian Rope Co.,* 740 F.Supp. 127 (N.D.N.Y.1990).

Most circuit courts reviewing this issue have found no individual liability for individuals as "employers". *See Equal Employment Opportunity Commission v. AIC Security Investigations, Ltd.,* 55 F.3d 1276 (7th Cir. 1995) (owner and sole shareholder not individually liable under ADA); *Smith v. Lomax,* 45 F.3d 402, 403–404 (11th Cir.1995) (Title VII and ADEA); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 (4th Cir.) (vice-president not liable under ADEA), *cert. denied,* — U.S. —, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); *Grant v. Lone Star Co.,* 21 F.3d 649, 651–653 (5th Cir.) (Title VII), *cert. denied,* — U.S. —, 115 S.Ct. 574, 130

L.Ed.2d 491 (1994); *Miller v. Maxwell's Int'l,* 991 F.2d 583, 587 (9th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *see also Lenhardt v. Basic Inst. of Tech.,* 55 F.3d 377 (8th Cir. 1995) (no individual liability under Missouri statute similar to ADA). *Cf. Jones v. Continental Corp.,* 789 F.2d 1225, 1231 (6th Cir. 1986); *Paroline v. Unisys Corp.,* 879 F.2d 100 (4th Cir.1989) (individual liability for non-delegable duty).

This Court follows that line of circuit courts and the seeming recent trend in the courts of this circuit finding no individual liability but securing representative liability against an individual decision-maker. *See Harvey v. Blake,* 913 F.2d 226 (5th Cir.1990); *Romand,* 881 F.Supp. at 812 (representative liability only).

■■ First, this Court rejects plaintiffs argument that the plain meaning of the ADEA which imposes liability on an "employer" or "agent of such a person" confers liability on Murdoch because he is the "owner, principal shareholder and/or general partner of Defendants."[2] The textual inclusion of the phrase "agent of such a person," was merely intended to create respondeat superior liability against employers for the acts of their agents. *See AIC Security Investigations, Ltd.,* 55 F.3d at 1279–81; *Birkbeck,* 30 F.3d at 510, *Miller,* 991 F.2d at 587. Congress did not specifically state that an agent would be independently and individually liable for his discriminatory actions and policies. The importance of the "agent" language in the statute is merely to ensure that employers are liable for the actions and policies of their employees.

■ The division between respondeat superior liability and individual liability is buttressed by the liability scheme directed by the Act. The Act specifically precludes liability from falling upon employers with fewer than twenty employees. Congress excused small businesses from ADEA liability to protect them from having to shoulder the costly burden of defending a discrimination lawsuit. This "small business" exemption is consistent with Congressional intent, and this Court's

**2.** Murdoch's potential independent liability pursuant to an alter ego theory is discussed below.

conclusion that the Act does not create individual liability. Indeed, it is incongruous that in one breath Congress would protect small business owners and in another leave individuals vulnerable to the expense of such litigation. *See Birkbeck*, 30 F.3d at 510; *Grant*, 21 F.3d at 652; *Ryan v. Grae & Rybicki, P.C.*, No. 94 CV 3731, 1995 WL 170095, *2 (E.D.N.Y. Mar. 31, 1995) (*citing Maxwell's Intern. Inc.*, 991 F.2d at 587).

Several courts have, however, found it "conceivable" that Congress intended individual liability of large employers but protected small businesses to allow them to hire their friends or relatives. *See, e.g., Lamirande v. Resolution Trust Corp.*, 834 F.Supp. 526 (D.N.H.1993). This possibility, however, must be weighed against Congress's failure to specifically provide for individual liability as well as the message sent by Congress in the 1991 Amendments to the Civil Rights Act. In those amendments Congress did not specifically provide for individual liability. Moreover, while Congress expanded the types of available damages to include compensatory and punitive damages, the amended damage scheme is specifically premised upon the liability of an employing entity. *See AIC Security Investigations, Ltd*, 55 F.3d at 1281–82; *Lowry v. Clark*, 843 F.Supp. 228 (E.D.Ky.1994). Specifically, the 1991 Amendment cap on the amount of allowable recovery is a sliding scale based upon the increasing number of employees the entity employs. No such cap was imposed for individuals. Furthermore, the cap is based upon a 14 person minimum number of supervised employees, thus not envisioning individual liability for a supervisor of fewer than 14 employees. *See* 42 U.S.C. § 1981a(b)(3)(A); *Id.* Therefore, this Court is persuaded that the Act does not allow for individual liability such that the "agent" language in the statute was intended to secure only respondeat superior liability.

Finally, while this Court rejects the notion of individual liability under the ADEA, individuals may be named as defendants in their representative or official capacities for the purposes of respondeat superior liability. *See Harvey v. Blake*, 913 F.2d 226 (5th Cir. 1990); *Romand*, 881 F.Supp. at 812–13. Such liability gains advantages in discovery, in the ultimate liability of the employing entity, and of, course, in the personal satisfaction of calling upon the alleged wrongdoer to publicly answer the accusations levied against him. In this case, however, plaintiffs failed to clearly allege representative liability against Murdoch. Thus, plaintiffs should be granted 30 days in which to amend their complaint to allege representative liability.[3]

In must be noted that plaintiffs have also argued in their Memorandum of Law that Murdoch may be liable as the "alter ego" of defendant corporation. While this assertion may be valid, plaintiffs may not now rely on such an alter ego theory due to their failure to properly plead this claim. To assert a claim for individual liability under an alter ego theory one must plead two elements: (1) that the person exercises such complete dominion and control "in respect to the transaction attacked" that the corporation had "at the time" no separate will of its own, and (2) that this domination was used to "commit fraud or wrong" against the plaintiff, which proximately caused the plaintiff's injury. *American Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988) (*quoting Lowendahl v. Baltimore & Ohio R.R.*, 247 A.D. 144, 287 N.Y.S. 62 (N.Y.App.Div. 1st Dep't), *aff'd*, 272 N.Y. 360, 6 N.E.2d 56 (1936)); *Zinaman v. USTS New York Inc.*, 798 F.Supp. 128, 131 (S.D.N.Y. 1992).

Finding alter ego liability is an exception to the general principal that individual owners, officers and shareholders of a corporation are not personally liable for corporate acts. *See William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 600 (2d Cir.1989).

---

**3.** Plaintiffs should bear in mind that their amended complaint must allege acts by Murdoch in his representative capacity that would give rise to such liability.

Defendant has also moved, generally, to dismiss the claims against him under FED.R.CIV.P. 12(b)(6). Since plaintiffs cannot sustain an action against Murdoch in his individual capacity, the textual sufficiency of plaintiffs' complaint is irrelevant and will not be addressed here.

**992**

Courts weigh several factors to determine whether a person or entity is an alter ego, including:

(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, *i.e.,* issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

*Wm. Passalacqua Builders v. Resnick Developers S.,* 933 F.2d 131, 139 (2d Cir.1991). This list is not exhaustive, rather alter ego liability should be imposed "when doing so would achieve an equitable result." *William Wrigley, Jr. Co.,* 890 F.2d at 601.

■■■ In the present case, plaintiffs have failed to allege either control and dominion, or that this alleged dominion caused a wrong or fraud on plaintiffs. The complaint merely states that Murdoch is "the owner, principal shareholder and/or general partner of Defendants, NYPH and the Post, and is also himself an "employer" within the meaning of the Act and the HRL." (Complaint, ¶ 4). Plaintiffs do not allege that Murdoch controlled the Post such that it was a mere instrumentality of his, nor do plaintiffs allege any facts that might support such a conclusion. Plaintiffs do not allege that Murdoch was solely responsible for the employment decisions at the Post, nor do plaintiffs allege any of the

factors which weigh in favor of individual liability, i.e. that no corporate formalities were honored, that there was inadequate capitalization. While specificity may not required to plead an alter ego theory, one must allege more than ownership, shareholder or partnership status. *See Strojmaterialintorg v. Russian American Commercial Corp.,* 815 F.Supp. 103 (E.D.N.Y.1993) (conclusory allegations insufficient but leave to plead facts allowed); *Zinaman,* 798 F.Supp. at 132 (dismissing alter ego theory for failure to plead "control and dominion").

■■■ In sum, plaintiffs fail to sufficiently allege an alter ego theory, or any supporting facts for such liability and cannot now seek to hold Murdoch individually liable for the acts of the Post. If, however, plaintiffs are able to allege facts sufficient to support an alter ego theory, they may seek leave to amend their complaint. It is premature for this Court to recommend an amendment without any indication of the basis upon which alter ego liability rests against Murdoch.

Thus, it is respectfully recommended that the complaint against Murdoch, individually, be dismissed, that plaintiffs be given 30 days to amend their complaint to allege representative liability, and that nothing in this Report and Recommendation foreclose plaintiffs from later seeking leave to amend their complaint to allege alter ego liability.[4]

**B. Defendant's Motion to Dismiss the HRL Claims**

■■■ Defendant Murdoch next argues that plaintiffs' claim against him under New York State HRL should be dismissed pursuant to FED.R.CIV.P. 12(b)(6) for failure to state a claim upon which relief may be granted, and because he is not an "employer" within the meaning of the HRL. (Def.'s Mem. of Law, p. 5–7, Def.'s Reply Mem. of Law, p. 6, 8). Although individual liability under the HRL is seemingly broader than individual liability under the ADEA, plaintiffs' HRL claim is insufficient to withstand defendant's 12(b)(6) motion.

---

4. Plaintiffs should bear in mind that a motion to amend to include alter ego liability should go beyond their present assertion that Murdoch controls the "entities which own and/or manage the

New York Post newspaper." (Pl.'s Mem., pp. 3–4). Plaintiffs must allege facts to support any conclusory assertions of alter ego liability.

As previously stated, the court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court's function on a motion to dismiss "is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 Int'l Bd. of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990). Thus, the court must limit its analysis to the four corners of the complaint, *see Kopec v. Coughlin,* 922 F.2d 152, 154–155 (2d Cir. 1991), and must accept all of plaintiff's well-pleaded factual allegations to be true. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986); *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993). Where an action is dismissed for failure to state a claim, "such a dismissal ordinarily should be accompanied by leave to file an amended complaint." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991); *Alie v. NYNEX Corp.,* 158 F.R.D. 239, 245 (E.D.N.Y.1994) (dismissing Title VII claim with leave to replead); *Abbasi v. Herzfeld & Rubin, P.C.,* 863 F.Supp. 144, 146 (S.D.N.Y.1994).

FED.R.CIV.P. 8(a) requires only that a party plead the facts upon which its claim is based. Averments, however, may not be mere conclusory allegations that "fail to give notice of the basic events and circumstances of which the plaintiff complains. Such allegations are meaningless as a practical matter and, as a matter of law, insufficient to state a claim." *Duncan v. AT & T Communications, Inc.,* 668 F.Supp. 232, 234 (S.D.N.Y. 1987); *Ruderman v. Police Dep't,* 857 F.Supp. 326, 329–330 (S.D.N.Y.1994) (dismissing continuing ADEA violation claim due to vagueness).

Viewing the facts in the light most favorable to plaintiffs and drawing all reasonable inferences in their favor, this Court finds that the complaint fails to plead that Murdoch is individually liable under the HRL. Plaintiffs allege that they were terminated and not rehired by the "defendants" in or about October 1993, that

"Defendants intentionally designed and implemented a reorganization program" (the "Program") which provided for the termination of all persons working for the "New York Post" ... that "upon information and belief," Defendants' Program has reflected, in both purpose and effect, a blatant and willful pattern of age discrimination. Defendants' discriminatory activities have included, but have not been limited to, the following:

a) Designing, implementing and maintaining various procedures, policies, practices and criteria, which are and were unlawful and discriminatory in both purpose and/or impact and pursuant to which Defendants refused to hire, retain and/or transfer qualified persons over the age of 40 because of their age; and

b) Designing, establishing, implementing and maintaining other employment policies and practices which are and were motivated by age-based considerations and which, in purpose and/or impact, have otherwise adversely affected the employment opportunities of person over the age of 40.

(Complaint, ¶¶ 12, 13). Plaintiffs have additionally alleged that persons under the age of 40 with less experience and seniority than plaintiffs were hired or offered employment by defendants and that the discrimination is of a continuing nature. (Complaint, ¶¶ 14, 15).

Plaintiffs have, however, not pleaded facts regarding Murdoch's involvement in the creation, design or implementation of the alleged discriminatory plan. Plaintiffs have not pleaded any facts upon which this Court can infer Murdoch's alleged intent to discriminate against plaintiffs, or that Murdoch was even involved in the alleged discriminatory scheme. Plaintiffs have merely named Murdoch as a defendant, identified him in the Complaint and then failed to allege any facts that would give rise to individual HRL liability.

Plaintiffs' use of the word "defendants" is insufficient to allege individual action by Murdoch where no other facts are alleged in support of individual liability. The concluso-

ry allegations that "defendants" (plural) participated in the allegedly discriminatory policies does not give Murdoch notice of his conduct that gives rise to HRL liability. This action would be saved if plaintiffs alleged specific facts implicating Murdoch in the allegedly discriminatory policy, or perhaps, if plaintiffs alleged facts regarding Murdoch's participation in the actual hiring and firing of plaintiffs. Moreover, plaintiffs may have alleged that Murdoch was a corporate employee who, based on factual allegations, intended to and did participate in the allegedly discriminatory conduct. Plaintiffs have failed to do so.

 Essentially, to survive defendant's motion to dismiss, plaintiffs must have pleaded facts that would give Murdoch notice of the conduct which he personal participated in that would give rise the HRL liability. Since, however, this is plaintiffs' first bite at the apple, this Court recommends that plaintiffs be granted leave to amend their complaint to allege sufficient facts regarding Murdoch's individual liability under the HRL, including Murdoch's status at the Post, and his personal conduct that would give rise to individual liability.[5]

Moreover, since plaintiffs' complaint fails to give Murdoch notice of the claim against him, this Court cannot yet pass on the parties' arguments regarding individual liability under *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 483 N.Y.S.2d 659, 473 N.E.2d 11 (N.Y.1984) and its progeny. This Court notes that individual liability under the HRL is broader than under the ADEA, but such liability is premised upon specific factual showings which the present complaint does not illuminate. It is this Court's opinion that this issue may be better addressed in a motion for summary judgment, if warranted.

## III. CONCLUSION

For the reasons stated above, it is hereby respectfully recommended that defendant's motion to dismiss the complaint against him in his individual capacity under the ADEA be granted, that plaintiffs be granted 30 days in which to file an amended complaint alleging representative liability under the ADEA, and that nothing in this Report and Recommendation foreclose plaintiffs from later seeking to amend the complaint to properly allege alter ego liability against Murdoch. It is further recommended that defendant's motion to dismiss the HRL claims be granted, but that plaintiffs be permitted to amend their complaint to properly plead HRL liability.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

SO ORDERED.

Dated: Brooklyn, New York

June 29, 1995

---

**5.** Peripherally plaintiffs make reference to Murdoch's potential liability pursuant to HRL § 296(6) for "any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." ExEC.LAW § 296(6); *see Poulsen v. City of North Tonawanda*, 811 F.Supp. 884 (W.D.N.Y. 1993). Unfortunately for plaintiffs, since they did not plead a violation of section 296(6) in their complaint, this Court cannot now base Murdoch's individual liability upon this tardy allegation. *See* Complaint, ¶ 21 (pleading only violations of section 296(1)(a) and 296(3–a)(a)).

It is recommended that plaintiffs' be granted leave to amend their complaint to include this allegation if they so choose and if sufficient factual basis for section 296(6) liability is also pleaded.