Marva BROWN, Plaintiff,

v.

**COACH STORES, INC., Defendant.**

No. 97 Civ. 0463(JSR).

United States District Court,
S.D. New York.

Sept. 16, 1997.

Peter G. Eikenberry, New York, NY, for plaintiff.

Stacey B. Creem, New York, NY, for defendant.

### MEMORANDUM ORDER

RAKOFF, District Judge.

Promotion requires some degree of self-promotion. One cannot reasonably expect to be considered for a job for which one has not applied. For this and other obvious reasons, the instant complaint fails to state a claim.

Plaintiff Marva Brown, an African American female, was hired as a receptionist by defendant Coach Stores, Inc. in 1988 and continues in that position. She alleges that Coach has failed to promote her on account of her race. Her initial complaint, which failed to allege even a bare-bones *prima facie* case, was dismissed by the Court on April 30, 1995 with leave to file an Amended Complaint. *See* transcript of hearing of April 30, 1997, at 40–49. Thereafter, plaintiff filed an Amended Complaint on May 14, 1997, defendant moved to dismiss, and the Court heard oral argument on July 17, 1997. Following full review of the parties' submissions, the Court hereby grants defendant's motion to dismiss, with prejudice.

■ A plaintiff makes out a *prima facie* case of discriminatory treatment in promotion if: (1) she is a member of a protected class, (2) she applied for and was qualified for a promotion to a position for which the employer was seeking applications, (3) she was rejected for this position, and (4) the job remained open and the employer continued to seek applicants having the plaintiff's qualifications. *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Fisher v. Vassar College,* 66 F.3d 379, 391 (2d Cir.1995). Here, the Amended Complaint, like its predecessor, fails to adequately allege any but the first of these essential elements.

■ To be sure, the Complaint alleges, in wholly conclusory fashion, that plaintiff "requested promotion in August 1996 . . . as she had done at various times throughout 1990 to 1994," *see* Amended Compl. ¶ 16; that she had an "excellent employment record with Coach," *see id.* at ¶ 21(b); that "dozens of positions for which Ms. Brown is qualified have been filled at Coach by non-minority" persons, *see id.* at ¶ 19; and that these positions include the positions of secretary, administrative assistant, and human resources assistant, *see id.* at ¶ 24. Nowhere, however, does the Amended Complaint allege any specific position for which plaintiff applied, was qualified, and was rejected. This, indeed, was a fundamental problem with the original complaint; but now there can be no doubt of plaintiff's inability to cure it, for when questioned at the time of oral argument on the instant motion, counsel for plaintiff conceded that "[t]here is no allegation that Ms. Brown asked at a specific time for a specific job."

Transcript of hearing of July 17, 1997, at 9. In the circumstances, such a failure is fatal to plaintiff's claims. *See, e.g., Abbasi v. Herzfeld & Rubin,* 863 F.Supp. 144, 147 (S.D.N.Y. 1994); *Ruderman v. Police Dep't of the City of New York,* 857 F.Supp. 326, 330 (S.D.N.Y. 1994).

■ At oral argument, plaintiff's fall-back position was to try to transmogrify her claim from one of disparate treatment to one of disparate impact, saying that plaintiff is "attacking the whole Coach system here," *id.* at 15. In so asserting, plaintiff relies principally on some very general statistics, purportedly obtained from the U.S. Equal Employment Opportunity Commission, regarding the minority composition of the overall Coach workforce from 1990–1995. *See* Amended Compl. ¶ 33 & Appendix. A. But these statistics take no account of the various types of positions at Coach, the qualifications required for promotion to each such position, or the minority composition of the relevant applicant pools. As such, plaintiff's statistics are patently insufficient to establish a case of disparate impact. *See Lopez v. Metropolitan Life Ins. Co.,* 930 F.2d 157, 159 (2d Cir.1991).

Moreover, even if plaintiff's statistics were sufficient to establish relevant disparities in the relevant workpools, "the causal requirement of Title VII recognizes that underrepresentation of [minorities] might result from any number of factors, and it places an initial burden on the plaintiff to show that the specific factor challenged under the disparate impact model results in the discriminatory impact." *See id.* at 159–60. Here, while plaintiff makes vague allegations about how defendant hires, promotes, and trains its employees, *see* Amended Compl. ¶¶ 25(a)–(e); 39, she identifies no affirmative policy, practice, or criteria that has causally resulted in the alleged disparities in defendant's workforce.

For the foregoing reasons, the Court grants defendant's motion to dismiss the Amended Complaint, with prejudice. Clerk to enter judgment.

SO ORDERED.