Arlene **DENENBERG**, Plaintiff,

v.

David **MAHLER**, Defendants.

No. CV 01–2309.

United States District Court, E.D. New York.

Sept. 10, 2004.

Law Offices of Martin H. Scher by Robert S. Nayberg, Esq., Carle Place, NY, for Plaintiff.

Beal and Beal, Esqs. by Kenneth I. Beal, Esq., Jericho, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Arlene Denenberg originally commenced this action against defendants Koncepts Communications of Long Island Corp. ("Koncepts") and David Mahler ("Mahler"), Koncepts' former president (collectively "defendants"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (the "Discrimination Action"). Koncepts and Mahler were represented by separate counsel. Denenberg also commenced an earlier action against the same defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law § 190 et seq. (the "FLSA Action"). Subsequently, Denenberg settled the actions with Koncepts pursuant to a confidential, written settlement agreement, the terms of which the parties have disclosed to the Court (the "Settlement Agreement"). As part of the Settlement Agreement, Denenberg agreed to "withdraw with prejudice" the FLSA Action against both defendants and to "withdraw with prejudice" the Discrimination Action "against Koncepts only." In addition, Denenberg released Koncepts and its past, present or future directors, officers, agents or employees, among others, from any and all claims, including Title VII claims, but specifically excluded Mahler from the release provisions.

Denenberg moved to amend the complaint in the Discrimination Action to assert an additional claim against Mahler under New York's Human Rights Law, N.Y. Exec. Law § 290 et seq., ("HRL claim"), and Mahler cross-moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in the Discrimination Action. Essentially,

Mahler argued that Denenberg cannot proceed in this action against him because of her settlement with Koncepts, since it is well-established that Title VII does not impose liability on individual defendants, including supervisors, see Tomka v. Seiler, 66 F.3d 1295 (2d Cir.1995), abrogated on other grounds, Burlington v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), a principle Denenberg conceded she was well aware of when she entered into the Settlement Agreement. Denenberg, on the other hand, argued that she does not seek to impose individual liability upon Mahler in her Title VII claim, but to hold Mahler liable as the "alter ego" of former defendant/employer Koncepts under the theory espoused in Lane v. Maryhaven Center of Hope, 944 F.Supp. 158, 163 (E.D.N.Y.1996) ("To plead a claim for individual liability under the alter ego doctrine, two essential elements must be plead: (1) that the person exercises such dominion and control with respect to the transaction attacked that the corporation had no separate will of its own; and (2) that the domination and control was used to commit a fraud or wrong against the plaintiff which proximately caused the plaintiff's injuries."); see also Leykis v. NYP Holdings, Inc., 899 F.Supp. 986, 991–92 (E.D.N.Y.1995). Mahler responded that Denenberg's settlement with, and release of, Koncepts in the Discrimination Action leaves no basis for imposing liability on Mahler under Title VII because there can be no corporate obligation for which he can be held responsible as an alter ego.

This Court heard oral argument on the motions and granted Mahler's motion to dismiss. Denenberg now requests reconsideration.

Initially, the Court notes that it did not directly address at oral argument Denenberg's motion to amend to add the HRL

claim. Nevertheless, that motion should have been granted. Accordingly, reconsideration is granted to the extent that the motion to amend is granted in accordance with the proposed amended complaint attached as an exhibit to Denenberg's moving papers.

As for dismissal of the Title VII claim, reconsideration is denied. As indicated at oral argument, this Court agreed with Mahler that Denenberg's Title VII claim against him must be dismissed. Denenberg's settlement with, and release of, Koncepts in the FLSA and Discrimination Actions demonstrates that Koncepts is an apparently valid and viable corporate entity against which she could have pursued her Title VII claim. Having chosen to dismiss her Title VII claim against her corporate employer pursuant to a bargained-for settlement of both actions, Denenberg cannot demonstrate that imposition of liability on Mahler as an alter ego under Title VII is necessary to prevent fraud or injustice or achieve an equitable result, *see Leykis v. NYP Holdings, Inc.*, 899 F.Supp. at 992 (observing that "alter ego liability should be imposed 'when doing so would achieve an equitable result'" (quoting *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 601 (2d Cir.1989))). As the Court does not believe that it overlooked matters or controlling decisions regarding dismissal of Denenberg's Title VII claim, reconsideration of that determination is denied.

Because there remains no federal claim in this action, the Court declines to exercise supplemental jurisdiction over Denenberg's state law claim. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over claim if it has dismissed all claims over which it had original jurisdiction).

Accordingly, the Clerk of Court is directed to enter judgment dismissing this action and to close the file.

SO ORDERED.